UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sean Gottlieb, *Plaintiff*, v. Adtalem Global Education, *Defendant*. | No. 25 CV 7752 Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

Plaintiff Sean Gottlieb claims that Defendant Adtalem Global Education violated Title VII of the Civil Rights Act of 1964, 32 U.S.C. § 2000e, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, when it failed to hire him as an Enrollment Specialist. Adtalem filed this motion to dismiss, arguing that Gottlieb failed to connect its decision not to hire him with any protected characteristic [Dkt. 34.][1] The motion is granted in part and denied in part. Because Gottlieb met the low pleading standard for a race-based discrimination claim, the motion is denied as to his Title VII claim. But seeing no factual allegations tying Gottlieb's age to the hiring decision, the court grants the motion as to the ADEA claim, though without prejudice.

I.   **Background**[2]

A.   **Factual Allegations**

The following factual allegations are taken from Gottlieb's first amended complaint [dkt. 41] and are accepted as true for purposes of the motion. See *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. See *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Adtalem Global Education extended a job offer to Sean Gottlieb, a 57-year-old African American man, for the role of Enrollment Specialist. [Dkt. 41, ¶ 9.] The company then rescinded the job offer abruptly and without explanation just four days later. [*Id.*, ¶ 10.] Gottlieb avers that Adtalem rescinded the offer after learning of his race and then subsequently hired a "white comparator lacking the purported

---

[1]   Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

1

qualifications." [*Id.*, ¶ 20.] He also states that the person hired for the position is "a substantially younger individual with equal or lesser qualifications." [*Id.*, ¶ 28.]

Gottlieb holds a "Master's in Law, Graduate Certificate in Public Health, Bachelor's in Human Services, Associate's in Counseling, a TEFL certification, and decades of professional experience in education and communication." [*Id.*, ¶ 16.] Adtalem, moreover, awarded him a "graduate credential weeks before rescinding his offer." [*Id.*] In all, he alleges that he was overqualified for the position. [*Id.*, ¶ 28.]

Following the rescission of his employment offer, Gottlieb submitted written complaints of age and race discrimination to Adtalem's human resources department, but the company did not reply until after he had also filed an EEOC charge. [*Id.*, ¶ 11.] At that point, Adtalem acknowledged the HR complaint, stating that it was "not legally required" to provide a response or involve Gottlieb in the investigation. [*Id.*] It also provided its rationale for not hiring Gottlieb: he had no "sales, call center background, or enrollment experience." [*Id.*, ¶ 12; Dkt. 15 at 3.][3] The company further stated that Gottlieb had represented that he resided in Hawaii "and the time difference would pose challenges based on the expectations and requirements of the role." [Dkt. 15 at 3.]

According to Gottlieb, the official job posting did not require such experience and Adtalem's actual hiring practices contradicted the given rationale. [Dkt. 41, ¶ 13.] He maintains, for example, that he has identified over "20 Enrollment Specialists, including the individual hired in his stead, who lacked sales or call center experience." [*Id.*, ¶ 14.] And he contends that Adtalem later "shifted its rationale" and told him that he was not hired because he lacked "communication and listening skills." [*Id.*, ¶ 16.]

Based on these allegations, Gottlieb brings claims under Title VII and the ADEA, asserting that Adtalem discriminated against him based on his race and age.

### B. Procedural History

Adtalem filed its motion to dismiss on September 8, 2025. [Dkt. 34.] The next day, Gottlieb filed multiple documents with the court, including an opposition brief [dkt. 38], two motions for judicial notice [dkts. 39, 40], an amended motion for judicial notice [dkt. 42], and a first amended complaint, [dkt. 41.]

---

[3] In addition to the first amended complaint, the court draws factual allegations from an "exhibit" Gottlieb filed on the docket, [dkt. 15], containing an email exchange between the two parties. It is properly considered for the motion to dismiss because Gottlieb's complaint references the content of these emails, [see dkt. 41, ¶¶ 11–12], which are central to his claims. See *Domanus v. Locke Lord LLP*, 847 F.3d 469, 481 (7th Cir. 2017) (explaining that district court was entitled to rely on email exchange referenced in plaintiff's complaint).

In response, the court entered a minute order denying Gottlieb's motions for judicial notice and directing Adtalem to file a reply that addressed whether Gottlieb's first amended complaint would cure any deficiencies raised in its motion to dismiss. [Dkt. 43.] The minute entry also stated that "[a]dditional briefs or responses will be stricken and will not be considered." [*Id.*] Rather than heed the warning, Gottlieb proceeded to make submissions to the court, including, to name just a few, a second amended complaint [dkt. 45], a motion to expedite rulings on dispositive filings [dkt. 47], a motion for summary judgment [dkt. 26], a third amended complaint [dkt. 52], a motion to amend or strike misquoted or non-existent case law [dkt. 52], and a memorandum of law "in opposition to defendant's characterization of plaintiff as a vexatious litigant" [dkt. 57].

Because the court did not grant Gottlieb leave to amend his first amended complaint and warned him against submitting additional filings before it ruled on Adtalem's motion to dismiss, it strikes Gottlieb's second and third amended complaints. This order therefore addresses the viability of his first amended complaint at docket entry 41.

## II.     Legal Standard

Adtalem moves to dismiss Gottlieb's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, 'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in plaintiff's favor." *Id.* at 600 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). The court assesses the complaint's plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). Because Gottlieb is proceeding *pro se*, his complaint is construed "generously," *United States v. Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021), and reviewed "by substance, not label," *United States v. Sutton*, 962 F.3d 979, 984 (7th Cir. 2020).

## III.    Analysis

Title VII prohibits employers or potential employers from discriminating against employees or job applicants on the basis of race, see 42 U.S.C. § 2000e-2(a), while the ADEA prohibits discrimination based on age, see 29 U.S.C. § 623(a)(1). "To state a claim for discrimination under Title VII, a plaintiff need only allege that his employer [or potential employer] instituted an adverse employment action against him on the basis of his protected status." *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367–68 (7th Cir. 2019). "In the ADEA context, a plaintiff states a claim for age discrimination by alleging that he is over 40 years old and that the employer

3

took an adverse employment action against him because of his age." *Mounts v. United Parcel Serv. of Am., Inc.*, 2009 WL 2778004, at *5 (N.D. Ill. Aug. 31, 2009).

While the pleading requirements for these claims are similar—both require the plaintiff to allege discrimination based on a protected characteristic—the ADEA has a slightly more rigorous causation standard. See *Carson v. Lake Cnty., Indiana*, 865 F.3d 526, 532 (7th Cir. 2017) (describing the ADEA as "narrower than Title VII" due to varying causation standards). For Title VII claims, a plaintiff must demonstrate that his membership in a class protected by the Act played a "motivating part" in the employment decision, even if other circumstances also factored into the decision. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 173–74 (2009) (internal citation omitted).

The ADEA, however, does not permit this sort of mixed-motive causation. See *Joll v. Valparaiso Cmty. Sch.*, 953 F.3d 923, 928 (7th Cir. 2020) ("Title VII and ADEA causation standards are not always the same because of the availability of mixed-motive claims under Title VII but not the ADEA; and [] determining whether one factor was causal demands a different factual analysis than determining whether a different factor was causal."). Instead, the plaintiff must establish but-for causation, meaning the employer would not have taken the adverse action if the plaintiff was younger than 40-years-old. See *Gross*, 557 U.S. at 180.

A. Title VII

By alleging that Adtalem rescinded his offer of employment after learning of his race, [dkt. 41, ¶ 20], Gottlieb sufficiently pleads a claim for discrimination under Title VII. Adtalem urges the court to dismiss Gottlieb's complaint as conclusory, taking issue with his failure to plead circumstances supporting an inference of discrimination or establish his qualifications for the Enrollment Specialist position.

But at the motion to dismiss stage, a plaintiff need not plead a prima facie case of discrimination or "narrate all elements of a winning claim." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024); see *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002); *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (explaining, at the pleading stage, a plaintiff's "failure to plead the evidentiary element about comparable coworkers, therefore, is not fatal."); *Tamayo*, 526 F.3d at 1084 ("Even after *Bell Atlantic* [*Corp. v. Twombly*, 550 U.S. 544 (2007)], *Concentra,* [496 F.3d 773] affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex."). Indeed, the Supreme Court rejected Adtalem's exact request for evidentiary proof of qualifications or circumstances supporting an inference of discrimination at the pleading stage in *Swierkiewicz*. See 534 U.S. 506.

took an adverse employment action against him because of his age." *Mounts v. United Parcel Serv. of Am., Inc.*, 2009 WL 2778004, at *5 (N.D. Ill. Aug. 31, 2009).

While the pleading requirements for these claims are similar—both require the plaintiff to allege discrimination based on a protected characteristic—the ADEA has a slightly more rigorous causation standard. See *Carson v. Lake Cnty., Indiana*, 865 F.3d 526, 532 (7th Cir. 2017) (describing the ADEA as "narrower than Title VII" due to varying causation standards). For Title VII claims, a plaintiff must demonstrate that his membership in a class protected by the Act played a "motivating part" in the employment decision, even if other circumstances also factored into the decision. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 173–74 (2009) (internal citation omitted).

The ADEA, however, does not permit this sort of mixed-motive causation. See *Joll v. Valparaiso Cmty. Sch.*, 953 F.3d 923, 928 (7th Cir. 2020) ("Title VII and ADEA causation standards are not always the same because of the availability of mixed-motive claims under Title VII but not the ADEA; and [] determining whether one factor was causal demands a different factual analysis than determining whether a different factor was causal."). Instead, the plaintiff must establish but-for causation, meaning the employer would not have taken the adverse action if the plaintiff was younger than 40-years-old. See *Gross*, 557 U.S. at 180.

A. Title VII

By alleging that Adtalem rescinded his offer of employment after learning of his race, [dkt. 41, ¶ 20], Gottlieb sufficiently pleads a claim for discrimination under Title VII. Adtalem urges the court to dismiss Gottlieb's complaint as conclusory, taking issue with his failure to plead circumstances supporting an inference of discrimination or establish his qualifications for the Enrollment Specialist position.

But at the motion to dismiss stage, a plaintiff need not plead a prima facie case of discrimination or "narrate all elements of a winning claim." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024); see *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002); *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (explaining, at the pleading stage, a plaintiff's "failure to plead the evidentiary element about comparable coworkers, therefore, is not fatal."); *Tamayo*, 526 F.3d at 1084 ("Even after *Bell Atlantic* [*Corp. v. Twombly*, 550 U.S. 544 (2007)], *Concentra,* [496 F.3d 773] affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex."). Indeed, the Supreme Court rejected Adtalem's exact request for evidentiary proof of qualifications or circumstances supporting an inference of discrimination at the pleading stage in *Swierkiewicz*. See 534 U.S. 506.

Adtalem cites *Kluge v. Brownsburg Community School Corporation* for the proposition that a disparate treatment claim "requires 'at least circumstantial proof of an employer's intent to discriminate' to state a viable claim." [Dkt. 34 at 12 (quoting *Kluge*, 150 F.4th 792, 806 (7th Cir. 2025)]. But *Kluge* has nothing to do with stating a viable claim because it concerned a motion for summary judgment. As the Seventh Circuit has taken pains to make clear, a complaint alleging employment discrimination "need not supply the specifics required at the summary-judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021); see also *Thomas*, 120 F.4th at 1338 ("Lists of things that plaintiffs need to prove concern *evidence* (at summary judgment and trial); they must not be treated as demands for longer and more detailed pleadings.").

Suffice it to say, the pleading standard is low. See *Tamayo*, 526 F.3d at 1081 ("We previously have stated, on numerous occasions, that a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally."). "'I was turned down for a job because of my race,'" the Seventh Circuit has explained, "is all a complaint has to say." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); see also *Thomas*, 120 F.4th at 1337 (reaffirming *Bennett v. Schmidt*); *Freeman*, 927 F.3d at 965 ("Rather, to proceed against the District under § 1983 or Title VII, Freeman needed only to allege—as he did here—that the District fired him because of his race."); *Graham*, 8 F.4th at 627 ("It is enough for a plaintiff to assert that she was treated worse because of protected characteristics.").

This is not a case, moreover, where a plaintiff merely recited the conclusory elements of a claim without including any facts. Cf. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (holding that a plaintiff's observation "that federal law prohibits adverse employment discrimination" because of age, race, and national origin was insufficient to state a discrimination claim without "some *facts*" making the wrongful discharge contention plausible). Gottlieb pleads that Adtalem offered him a job, learned of his race, rescinded his job offer, and then instead hired a white person with equal or lesser qualifications. [Dkt. 41, ¶¶ 19–25.] That's enough to survive a motion to dismiss.

### B. The ADEA

Whether Gottlieb also alleged discrimination based on age is a closer call. Remember first that the ADEA requires a plaintiff to show that his age was a but-for cause of the adverse action. Yet Gottlieb does not state that his age caused the adverse action at all. While he contends that Adtalem "hired a substantially younger individual with equal or lesser qualifications," [dkt. 41, ¶ 28], he does not connect the dots between his age and Adtalem's decision to hire those younger employees. Cf. *Kaminski*, 23 F.4th at 776 (dismissing employment discrimination complaint that contained "no factual allegations directly or indirectly connecting the termination

5

with her national origin, age, or race"). Without that connection, Gottlieb fails to plead a claim for age discrimination.[4]

## IV. Conclusion

For these reasons, Adtalem's motion to dismiss is granted in part, denied in part. Gottlieb may proceed with his Title VII claim for race-based discrimination, but his ADEA claim for age-discrimination is dismissed without prejudice and with leave to amend. The court will separately set a deadline for any amendment but advises Gottlieb that should he choose to file another amended complaint, he must file a single document, and that filing must include all relevant allegations and claims relevant to his suit. The court will not refer to prior filings nor will it permit multiple filings at different docket entries. No additional leave to amend will be granted.

Enter: 25-cv-7752
Date: October 22, 2025

_____
Lindsay C. Jenkins
United States District Court Judge

---

[4] Even in his memorandum in opposition to Adtalem's motion to dismiss, Gottlieb does not claim that age was a but-for cause of the company's hiring decision: "These facts permit a reasonable inference that Defendant's explanation was pretextual and the decision not to hire was *motivated at least in part by race and/or age.*" [Dkt. 38 at 4. (emphasis added).] As explained, mixed-motive causation won't do under the ADEA. *Joll*, 953 F.3d at 928.