UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sean Gottlieb, *Plaintiff*, v. Adtalem Global Education, *Defendant*. | No. 25 CV 7752 Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

Plaintiff Sean Gottlieb sued Defendant Adtalem Global Education for employment discrimination. After Gottlieb filed his Fourth Amended Complaint, Adtalem filed a motion to dismiss and strike the complaint, in part because Gottlieb failed to attach a right-to-sue letter from the Hawaii Civil Rights Commission (HCRC). [Dkt. 79 at 10.][1] Three days later, on November 20, 2025, Gottlieb filed a motion for leave to file a document. [Dkt. 84.] Attached to the motion, Gottlieb included what he purported to be a "true and correct copy" of "an official letter" from the HCRC confirming that he had exhausted all administrative remedies with the commission. [Dkt. 84-1.]

In response, Adtalem has filed a motion for sanctions, including dismissal of the lawsuit, and to stay briefing on the motion to dismiss. [Dkt. 87.] Among other things, it asserts that Gottlieb forged the HCRC letter he submitted to the court on November 20. In support, Adtalem offers evidence that the metadata associated with the letter designates Gottlieb as the author of the document and an email from the HCRC member who purportedly signed the document confirming that neither she nor her office issued the letter. [Dkts. 87-3 and 87-7.]

Courts have inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). While outright dismissal of a lawsuit is a "particularly severe sanction," fraud upon the court is particularly severe conduct—it "involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Id.* And the Supreme Court has emphasized that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); see *Neal v. LaRiva*, 765 F.3d 788, 790 (7th Cir. 2014) ("[T]he judicial system cannot tolerate deception from litigants.").

Gottlieb quickly filed a response brief claiming that he did not file a fraudulent document. [Dkt. 89.] According to him, the document he submitted on November 20 was intended to be a "summary" of the HCRC's letter refusing to accept his charge, not the letter itself. [Dkt. 89 at 2.]

Gottlieb's explanation is not persuasive or credible. When he filed his motion to submit a document, Gottlieb did not claim the document was a "summary" of a letter from the HCRC. See *Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016) ("A newly advanced position, crafted only to exonerate litigation misconduct, need not be believed." (citations omitted)). Quite the opposite: he characterized the document as a "true and correct copy" of "an official letter" from the HCRC dated November 20, 2025. [Dkt. 84 at 1.] He explained that the "letter did not exist" at the time he filed his brief in opposition to the motion to dismiss. [*Id.* at 2.] And the document appears on HCRC letterhead and includes the purported signature of Heather McVay, the Deputy Executive Director of the HCRC, who has confirmed that the letter was neither created nor sent by HCRC. [Dkt. 84-1; Dkt. 87-7 at 2.] Simply put, it would defy logic to conclude that Gottlieb believed in good faith to be offering a "summary" of a one-page letter that he has since submitted to the court. Notably, the real HCRC letter from McVay to Gottlieb, which Gottlieb attached to his most recent brief, is dated October 16, 2025, meaning it *did* exist at the time he filed his opposition to the motion to dismiss in November 2025.[2] [Dkt. 89-2; Dkt. 82.] So the much more likely reason that Gottlieb offered the fraudulent letter was to excuse his failure to attach it to his memorandum in opposition.

The court has reviewed the record and, unless Gottlieb can offer evidence to support his claim that the document he submitted to the court on November 20 filed at docket entry 84-1 is not fraudulent, the court intends to grant the motion for sanctions and dismiss the case with prejudice. See *Martin v. Redden*, 2021 WL 100360, at *4 (N.D. Ind. Jan. 12, 2021) ("Creating and/or submitting fake affidavits and documents is a fraud upon the court."); *White v. Lambert*, 2010 WL 5856021, at *7 (S.D. Ill. Nov. 24, 2010) (dismissing case after plaintiff presented false documents to the court); *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 657 (7th Cir. 2003)

---

[2] Gottlieb's recent filing includes a series of email exchanges between him and McVay. [Dkt. 89-1 at 1-2.] The court observes what appears to be several irregularities in the offered email chain—*i.e.*, the formatting differences between the email dated November 19 and the rest of the emails, the absence of a date or header information on the email from McVay that purports to attach the exhaustion letter, and emails that are not in sequential order. The court reminds Gottlieb that he may rely only on non-fraudulent evidence in his response to this order, or the court may consider whether to impose additional sanctions.

(affirming district court's dismissal of a case based on plaintiff's submission of forged documents).

Accordingly, Gottlieb is ordered to show cause why he should not be sanctioned with dismissal of this case with prejudice and why Adtalem should not be awarded its fees and costs in bringing its motion.

Because Gottlieb's alleged conduct in this case exposes him to potential criminal prosecution, the court advises that he has a right against self-incrimination under the Fifth Amendment and is not required to make any additional statements. Any statement he does make may be used against him in a criminal prosecution.

The court also warns Gottlieb that any future misconduct, such as citing non-existent case law,[3] misrepresenting facts, submitting cumulative or unnecessary filings, or threatening litigation or disciplinary complaints in an attempt to receive a favorable settlement, may result in additional sanctions.

Enter: 25-cv-7752
Date:  December 10, 2025

_____
Lindsay C. Jenkins

---

[3] *See, e.g*, Dkt. 89 at 14 (citing two Seventh Circuit cases, neither of which stand for the proposition that a *pro se* litigant "is permitted to provide a summary or restatement of administrative correspondence (such as a right-to-sue or exhaustion letter) in pleadings, so long as it accurately conveys the substance of the original document"). The court warns Gottlieb that the requirements of faithful and accurate representations to the court under Rule 11 apply to *pro se* plaintiffs. Fed. R. Civ. P. 11(b). Rule 11(c) allows district courts to sanction parties when they act in bad faith and engage in deliberate misconduct in an effort to deceive the court. He remains responsible for ensuring his filings are accurate and do not contain improper citations. Failure to comply with Rule 11 obligations in the future will result in additional sanctions, including monetary sanctions.